**Walter ANDREWS, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Warden, Respondent–Appellee.**

**No. 00–1639.**

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.[*]

## ORDER

Walter Andrews, a Michigan state prisoner, appeals pro se a district court judgment dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon

examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Andrews was convicted following a 1994 jury trial of first degree murder and felony firearm. He is serving a sentence of life imprisonment without the possibility of parole, plus two years. His conviction was affirmed on direct appeal in the state courts. He then filed this petition for federal habeas corpus relief, raising three of the claims that the state courts had rejected on his direct appeal. The district court reviewed the claims, found them to be without merit, and dismissed the petition. The district court issued a certificate of appealability as to one of the claims raised in the petition: whether Andrews was restricted from presenting his defense when he was not permitted to ask the victim's stepson whether a third party had threatened the victim. This court denied a certificate of appealability on the remaining issues. The certified issue has now been briefed.

Upon review, we conclude that the district court properly dismissed this petition, as the state court decision affirming the conviction was not contrary to or an unreasonable application of federal law. *See Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Because Andrews is challenging an evidentiary ruling by the trial court, in order to be entitled to habeas corpus relief, he must demonstrate that the ruling denied him a fundamentally fair trial. *See Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). The defense theory of the case was that the victim was killed by a drug dealer named Maurice to whom he was indebted. Andrews was permitted to in-

[*] The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

troduce evidence that the victim owed Maurice money, and that the victim's house had been shot at previously by someone other than Andrews. However, he was not permitted to question the victim's stepson as to whether Maurice had threatened the victim, on the ground that this would be hearsay. Andrews argues that the threat should have been admitted under the statement against interest exception to the hearsay rule.

 Generally, evidence of third party culpability is not admissible unless there is substantial evidence directly connecting that person with the offense. *Walters v. McCormick*, 122 F.3d 1172, 1177 (9th Cir. 1997). Under that standard, even the evidence that Andrews was permitted to introduce could have been properly excluded, as he had no other proof connecting Maurice with the murder. On the other hand, the evidence connecting Andrews with the murder was overwhelming. He had been told by his girlfriend that the victim had stolen drugs and money from their apartment on the evening of the murder. Andrews and his brother then went to the homes of several of the victim's friends and relatives, armed with guns, telling people that they were looking for the victim because of the alleged theft. The victim was eventually located in a friend's car. The friend identified the brother as the man who pointed a gun at him and asked if the victim were in the car. He then heard someone else yell that the victim was there. The victim ran away and shots were fired. His body was found two days later behind a nearby garage. Andrews later told his girlfriend that he got the victim, and told the victim's stepson that he had been shot three times, which was accurate.

The attempt to analogize this case to that of *Chambers v. Mississippi*, 410 U.S. 284, 300–01, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), is meritless. In that case, the Su-

preme Court held that evidence that a third party had confessed to several of his friends shortly after the murder should have been admitted, as the third party was also seen with a gun immediately after the shooting, and was available for cross-examination. This case, on the contrary, concerns a vague threat that was allegedly made some unknown time before the murder, to the victim's stepson. Maurice was not shown to have been anywhere near the scene of the crime, and was not available to testify.

Therefore, both the state courts and the district court properly found that the hearsay statement was inadmissible. Andrews was nevertheless able to present his defense theory, and was not denied a fundamentally fair trial. The dismissal of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.